```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MICHAEL LOVE,

                Petitioner,

vs.                              Case No.  2:13-cv-337-FtM-29DNF

STATE OF FLORIDA,

                Respondent.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file.  Petitioner Michael Love, who is incarcerated within the Florida Department of Corrections at Moorehaven Correctional Facility, initiated this action on May 1, 2013, by filing a *pro se* pleading entitled "Petition for Writ of Habeas 'Emergency Writ'" (Doc. #1, Petition).  The Petition is comprised of two handwritten pages.  See generally Petition.  According to the Petition, Petitioner is "unlawfully incarcerated." Id. at 1.  In support, Petitioner states only that "the State can bring no case for holding [him]" and he is "being held without justification." Id. at 2.

Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the petition for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Court finds

the Petition is subject to dismissal as facially insufficient. At the outset, the Rules Governing Section 2254 cases, which have been adopted in this district, require that a petition be in substantially the form annexed to the rules. Rule 2(c), Rules Governing Section 2254 cases. As the Advisory Committee Note to Rule 2 explains, the use of a prescribed form was adopted for reasons of administrative convenience. Courts that have a large volume of habeas actions, as does this Court, save valuable time if they are not required to decipher lengthy and often illegible petitions. This saving is lost if Petitioner fails to use the form. Therefore, in light of the administrative benefits to the Court derived from the use of the form, Petitioner is required to submit a petition by completing the standard § 2554 form if he wishes to challenge his underlying state conviction.

Additionally, the Petition fails to identify any facts in support of Petitioner's conclusory allegation that he is being illegally held. See generally Petition. In fact, the Petition does identify the state-court judgment of conviction that Petitioner wishes to challenge. Id. Nor does the Petitioner identify any grounds for relief, yet alone allege that Petitioner is being held in violation of the Constitution or laws of the United States. Id. The Court takes judicial notice that according to the Florida Department of Corrections' Inmate Population Information Detail, the judgment of conviction for which

Petitioner is currently incarcerated was entered by the circuit court, in and for Broward County, Florida, on November 7, 2008. See Http://www.dc.state.fl.us/activeinmates/detail.

Thus, this case will be dismissed without prejudice in order to permit Petitioner an opportunity to file a facially sufficient petition. To the extent that Petitioner seeks relief in connection with his judgment of conviction that was entered by the circuit court in and for Broward County, Petitioner should file a petition on the approved form with the United states District Court for the Southern District of Florida. See 28 U.S.C. § 2241(d).

Accordingly, it is hereby

**ORDERED**:

1. This case is dismissed without prejudice.[1]

2. The **Clerk of Court** shall transmit a copy of the form for use in Section 2254 cases to Petitioner for his use, if appropriate.

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation does not commence until the expiration of the ninety days to seek a petition for writ of certiorari and the limitation period is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 121 S. Ct. 2120 (2001) (holding that an application for federal habeas corpus review *does not* toll the one-year limitation period under §2244(d)(2)).

3.   The **Clerk of the Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   15th   day of May, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record